UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-180-KKC

LEXINGTON-FAYETTE URBAN COUNTY                                                    PLAINTIFF,
HUMAN RIGHTS COMMISSION
*on behalf of James Bauman*,

v.                                            **OPINION AND ORDER**

SOUTHEASTERN MANAGEMENT CENTER, INC.,
SRO, INC., and
MISSY SMITH,                                                                      DEFENDANTS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the Plaintiff's Objection to Defendants' Removal of Complaint from Fayette Circuit Court (Rec. No. 8) which the Court has construed as a Motion to Remand.  For the following reasons, the motion will be DENIED.

    **I.    FACTS**

For purposes of this motion, the Court has assumed the truth of the facts asserted by the Plaintiff the Lexington-Fayette Urban County Human Rights Commission (the "Commission") in its state court complaint.  According to the Commission, on June 1, 2007, James Bauman filed a complaint against the Defendants with both the Commission and, pursuant to 42 U.S.C. § 3616, the United States Department of Housing and Urban Development ("HUD").

In his administrative complaint, Bauman asserted that the Defendants failed to reasonably accommodate his disability. The Defendants Southeastern Management Center, Inc. and SRO, Inc. d/b/a St. James Place own public residential property in Lexington, Kentucky.  The Defendant Missie Smith is their property manager.

On February 5, 2008, the Commission determined that probable cause existed to believe that a discriminatory housing practice had occurred in violation of Chapter 344 of the Kentucky Revised Statutes ("KRS"). The Commission notified the parties to the administrative proceeding of their statutory rights to have the claims decided in a civil action pursuant to KRS 344.670 instead of by an administrative hearing before the Commission. KRS 344.670 provides:

> If an election is made. . . for a judicial rather than an administrative proceeding, the commission shall not later than thirty (30) days after the election is made, commence and maintain a civil action on behalf of the aggrieved person in the appropriate Circuit Court seeking relief under this section.

KRS § 344.670(1).

On March 7, 2008, the Defendants notified the Commission that they elected to have their claims decided in a civil action in lieu of an administrative hearing before the Commission. Accordingly, the Commission filed, on Bauman's behalf, a complaint against the Defendants in Fayette Circuit Court.

In its Complaint, the Commission asserts that probable cause exists to believe that the Defendants unlawfully discriminated against Bauman on the basis of a disability when they failed or refused to make reasonable accommodations that were necessary in order that he could use and enjoy a housing accommodation.

The Commission explained in its Complaint that, pursuant to KRS 344.020(1)(a), Kentucky's state housing discrimination protections are the same as those that exist under federal law. That statute provides that one of the general purposes of Chapter 344 is "to provide for execution within the state of the policies embodied in . . . the Fair Housing Act . . . ."

The Commission also asserted that, "[p]ursuant to the work sharing agreement between the

2

[Commission] and HUD, the violation of analogous state and federal prohibitions against housing discrimination are properly raised herein." The Commission asserted that the Defendants had violated Kentucky state statutes K.R.S. 344.360, which sets forth various unlawful housing practices; and K.R.S. 344.280, which prohibits conspiracies to violate KRS Chapter 344. The Commission also asserted that the Defendants had violated federal statutes 42 U.S.C. § 3604(f), which prohibits discrimination against a renter because of a handicap, and 42 U.S.C. § 3617, which provides that it is unlawful to coerce, intimidate, threaten or interfere with any person in the exercise of any right granted under the federal Fair Housing Act.

The Commission asserts that, as a direct consequence of those federal and state law violations, Bauman suffered embarrassment, humiliation, emotional distress, and tangible and intangible compensatory damages.

In its Demand for Relief, the Commission asked the Court to, among other things, declare that the Defendants had violated the Fair Housing Act of 1968, 42 U.S.C. § 3601, *et seq.*

On April 15, 2008, the Defendants removed the case from the Fayette Circuit Court to this Court pursuant to 28 U.S.C. §1441, asserting that the Complaint presented a federal question. On April 25, 2008, the Commission objected to the removal asserting that there was no federal question in the Complaint filed.

## II.   ANALYSIS

Generally, a civil case which was brought in state court may be removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. §1441(a). Defendants removed the action to this court asserting that the case could have been brought here originally under 28 U.S.C. §1331. That statute provides that a federal district court has original subject matter

jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States."

The question of whether a civil action arises under the Constitution, laws, or treaties of the United States is determined by the "well-pleaded complaint rule," pursuant to which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In determining whether a complaint presents a federal question, the Court looks at the complaint as it existed at the time it was removed. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991).

The Commission, in its Complaint, asserted that the Defendants violated federal statutes, 42 U.S.C. § 3604(f) and 42 U.S.C. § 3617 and asked the court to "declare Defendants' actions complained of herein to be in violation of the Fair Housing Act of 1968." Such demand by the Commission effectively raised a federal question on the face of Complaint at the time it was filed in state court. Therefore, this Court has federal question jurisdiction over this case.

The Commission argues that it "merely mentioned" the federal statute in its Complaint without any intention to create federal question jurisdiction. However, in addition to mentioning the violations of the federal, as well as state statutes, throughout its complaint, the Commission specifically requested that the Court declare that the Defendants violated the federal statute. This specific demand for relief is distinguishable from a passing statement that the state statutes are analogous to the federal statute, such that violating the former also means violating the latter. As the "master of its complaint," the Commission effectively raised a federal question in its Complaint. Accordingly, the Commission's case is within the Court's federal question jurisdiction.

Generally, "[i]n any civil action of which the district courts have original jurisdiction, the

district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Claims are part of the same case or controversy if they derive from a common nucleus of operative fact. *Harper v. Auto Alliance International, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004).

In this case, the state and the federal claims are part of the same facts and incidents. In fact, the Complaint states that the initial complaint was "dual filed" with the federal agency HUD and the Commission. Moreover, the Complaint charges that Defendants unlawfully discriminated against Bauman on the basis of disability when they failed or refused to make available a reasonable accommodation, which gave rise to violations of both the state and the federal statutes. Accordingly, both the federal and the state claims are part of the same case or controversy and this Court has supplemental jurisdiction over the state law claims.

For the foregoing reasons, this Court has subject-matter jurisdiction over the claims relating to the Fair Housing Act of 1968 through its original jurisdiction under 28 U.S.C. §§1331 and 1441(a), as well as over the claims relating to the Kentucky statute through its supplemental jurisdiction under 28 U.S.C. §1367.

**III.   CONCLUSION.**

For all these reasons, it is hereby ORDERED that the Plaintiff's Motion to Remand (Rec. No. 8) is DENIED.

Dated this 17th day of October, 2008.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**